# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JAMAL JACKSON,**<br><br>　　Plaintiff,<br><br>v.<br><br>**DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS INC.,**<br><br>　　Defendants. | **CASE NO.**<br><br>Removed from the<br>State Court of Gwinnett County<br>Civil Action No. 22-C-0-4829-S4 |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Damco Distribution Services, Inc. d/b/a Hudd Transportation (hereinafter, "Damco") and Rayonier Advanced Materials Inc. (hereinafter, "RYAM")(collectively, the "Defendants") hereby remove this civil action, filed by Jamal Jackson, from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is proper under 28 U.S.C. § 1332 because, Plaintiff and Defendants are

citizens of different states, and the amount in controversy, upon information and belief, exceeds $75,000.00.

**I. Factual Background and Procedural History.**

1. In accordance with U.S.C. 28 § 1446(a), a true and correct copy of all pleadings, process, and orders served on Defendants (including the Summons and Complaint) are attached hereto as composite Exhibit "A."

2. Plaintiff is a citizen and resident of the state of Georgia. Ex. A. at p. 4, ¶ 1.

3. Defendant Damco is a Delaware corporation, with its principal office located at 180 Park Avenue, Florham Park, New Jersey 07932. Ex. A. at p. 4, ¶ 2.

4. Defendant RYAM is a Delaware corporation, with its principal office located at 1301 Riverplace Boulevard, Suite 2300, Jacksonville, Florida 32207. Ex. A. at p. 5, ¶ 3.

5. Plaintiff alleges that on or about November 3, 2020, a tractor-trailer overturned "[a]s a result of the negligently loaded trailer," causing Plaintiff injury and alleging the Defendants' actions as the sole and proximate cause. Ex. A. at pp. 5-7, ¶¶ 5-9, 13. Plaintiff brings claims for negligence *per se*, pursuant to the Federal Motor Carrier Safety Regulations, imputed liability for the alleged actions of the employees of Defendants, and negligent hiring, training, and supervision in

the loading of the tractor-trailer. Ex. A. at pp. 6-8, ¶¶ 12, 16, 19-21.

6. Plaintiff claims he sustained serious injuries, including but "not limited to traumatic hematoma and contusions on his neck, shoulder, and abdomen, pain in his chest, legs, and shoulder," suffering "severe and permanent injuries." Moreover, Plaintiff contends that he has incurred both past and future medical expenses, and that he was "unable to work and has a claim for past and future wages." Ex. A. at pp. 6, 9, ¶¶ 9, 23-25.

## II. Removal is Proper as the Court has Diversity Jurisdiction Over the Matter.

7. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

A.   <u>Citizens of Different States</u>.

8. The parties here are completely diverse because the Plaintiff is not a citizen of the same state as any Defendant. See 28 U.S.C. § 1332(a); <u>MacGinnitie v. Hobbs Grp., LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

9. Defendant Damco is a corporation organized under the laws of the State of Delaware with its principal office located in New Jersey. For purposes of diversity, Damco is a citizen of the State of Delaware and New Jersey and was at the time the action was commenced. 28 U.S.C. § 1332(C)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….").

10. Defendant RYAM is a corporation organized under the laws of the State of Delaware with its principal office located in Florida. For purposes of diversity, RYAM is a citizen of the State of Delaware and Florida and was at the time the action was commenced. Id.

11. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Gwinnett County, the county in which the State Court action is now pending. Venue is therefore proper for this Notice of Removal under 28 U.S.C. §§ 90(a)(2) and 1446(a).

B.    Amount in Controversy.

12. In addition, for diversity jurisdiction, removal is proper if the Defendants establish by a preponderance of the evidence that the amount in

controversy exceeds $75,000.00.  28 U.S.C. § 1446(c)(2)(B); see also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

13. A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Rather, Defendants need only show that it is more likely than not that Plaintiff stands to recover more than $75,000.00 if he prevails.  See id. at 752.  Defendants dispute that Plaintiff is entitled to any damages, or any other form of relief requested in the Complaint, and assert that Plaintiff's request for damages should be considered solely for purposes of determining the amount in controversy for removal purposes.

14. In evaluating the amount in controversy, district courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings and supporting evidence to determine whether the case is removable.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).  But a district court need not "suspend reality or shelve common sense in determining" the amount in controversy. Id. Instead, "courts may use their judicial experience and common sense" in making this determination. Id.

15. Plaintiff claims he has incurred past and future medical expenses, endures and continues to endure physical and mental pain and suffering, and has

incurred lost wages. Ex. A at p.9, ¶¶ 23-26. Plaintiff also alleges his injuries are permanent, resulting in permanent impairment. Defendants, therefore, believe the amount in controversy is met, and based upon the allegations exceed $75,000.00. Ex. A. at p. 6, ¶ 9.

16. In addition, The Court may consider a demand letter in evaluating if the amount in controversy exceeds $75,000.00. <u>Carrington v. Bausch & Lomb, Inc.</u>, 1:07-cv-128-TCB, 2007 WL 9703172, *2-*3 (N.D.G.A. March 8, 2007).

17. Plaintiff issued a demand to both Defendants on October 28, 2021. Relevant portions attached as Exhibit "B". Plaintiff demanded $500,000.00 from each Defendant, and specifically, itemized $74,941.54 in special damages at the time of the demand. Ex. B. at pp. 3-4. Indeed, the itemized costs were current a year ago, and Plaintiff has not provided any additional information. However, Plaintiff's Complaint plainly states that, on top of the $74, 941.54 in lost wages and past medical bills, that Plaintiff "will continue to incur future medical expenses" and prays that he will recover damages for "physical and mental pain and suffering." Ex. A. at p. 9, ¶¶ 24, 26; Ex. B. at p. 4.

18. Considering the demand and additional pleading of relief in the Complaint, the amount in controversy exceeds the threshold of $75,000.00, and thus, diversity jurisdiction is proper.

## III. Defendants Have Complied with All of the Procedural Requirements for Removal.

19. This Notice of Removal is timely filed within 30 days of service of the Complaint upon the Defendants. Damco was served on September 8, 2022, and RYAM was served on September 12, 2022. See Ex. A. at pp. 11-12.

20. Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because this is the district and division embracing the place where the underlying state-court action was filed, Gwinnett County, Georgia.

21. Defendants have contemporaneously filed a copy of this Notice of Removal in the State Court of Gwinnett County, and have also served a copy of this Notice of Removal on Plaintiff's attorney in accordance with 28 U.S.C. § 1446(d).

22. By filing this Notice of Removal, Defendants explicitly reserve and do not waive any rights, remedies, or defenses that may be available to it in this Court or in the underlying state-court action.

Respectfully submitted, this 7th day of October, 2022.

**HALL BOOTH SMITH, P.C.**

3528 Darien Highway, Suite 300     */s/ James B. Durham*_____
Brunswick, GA 31525     JAMES B. DURHAM

| | |
|---|---|
| T: (912) 554-0093<br>F: (912) 554-1973<br>Email: jdurham@hallboothsmith.com<br>Email: mbalcer@hallboothsmith.com | Georgia Bar No. 235526<br>MATTHEW B. BALCER<br>Georgia Bar No. 736877<br>*Counsel for Rayonier Advanced Materials Inc.* |
| One West Park Avenue<br>Savannah, GA 31401<br>T: (912) 232-7000<br>F: (912) 233-0811<br>Email: dkeene@bouhan.com<br>Email: gmcginty@bouhan.com | **BOUHAN FALLIGANT LLP**<br><br>*/s/ Dennis B. Keene, Esq.*<br>DENNIS B. KEENE<br>Georgia Bar No. 410801<br>GARY J. MCGINTY<br>Georgia Bar No. 602353<br>*Counsel for Damco Distribution Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, a copy of the foregoing was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and by U.S. Mail, including the Plaintiff's counsel as described below:

David S. Eicholz, Esq.
THE EICHOLZ LAW FIRM, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406
david@thejusticelawyer.com
*Attorney for Plaintiff*

Respectfully submitted, this 7th day of October, 2022.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 3528 Darien Highway, Suite 300 | */s/ James B. Durham*_____ |
| Brunswick, GA 31525 | JAMES B. DURHAM |
| T: (912) 554-0093 | Georgia Bar No. 235526 |
| F: (912) 554-1973 | *Counsel for Rayonier Advanced* |
| Email: jdurham@hallboothsmith.com | *Materials Inc.* |