# EXHIBIT "A"

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04829-S4**
8/25/2022 1:49 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMAL JACKSON,

                Plaintiff,

v.

DAMCO DISTRIBUTION SERVICES, INC.
d/b/a HUDD TRANSPORTATION and
RAYONIER ADVANCED MATERIALS,
INC.,

                Defendants.

CIVIL ACTION FILE NO.:

22-C-04829-S4

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT**:  RAYONIER ADVANCED MATERIALS, INC.,
c/o James B. Durham, 3528 Darien Highway, Suite 300, Brunswick, Georgia 31525.

      You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney whose name and address is:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint, which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

      This 25th day of August 2022.

TIANA P. GARNER

Clerk of Court
State Court of Gwinnett County, Georgia

By: _____
            (Deputy) Clerk

E-FILED IN OFFICE - R
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-04829-S4
8/25/2022 1:49 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMAL JACKSON,

                Plaintiff,

v.

DAMCO DISTRIBUTION SERVICES, INC.
d/b/a HUDD TRANSPORTATION and
RAYONIER ADVANCED MATERIALS,
INC.,

                Defendants.

CIVIL ACTION FILE NO.:

22-C-04829-S4

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT**:  DAMCO DISTRIBUTION SERVICES, INC.
d/b/a HUDD TRANSPORTATION, 289 S Culver Street, Lawrenceville, Georgia 30046.

      You are hereby summoned and required to file with the Clerk of said Court and serve upon
the Plaintiff's attorney whose name and address is:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint, which is herewith served upon you, within 30 days after service of
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.

      This 25th day of August 2022.

TIANA P. GARNER

Clerk of Court
State Court of Gwinnett County, Georgia

By:_____
      (Deputy) Clerk

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-04829-S4

8/25/2022 1:49 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **Gwinnett State Court** County

| For Clerk Use Only |
|---|
| Date Filed _____ |
| **MM-DD-YYYY** |

Case Number _____

**22-C-04829-S4**

**Plaintiff(s)**

Jackson, Jamal

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Rayonier Advanced Materials, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Damco Distribution Services, Inc. dba Hudd Transportation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** David S Eichholz   **State Bar Number** 502134   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04829-S4**

**8/25/2022 1:49 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JAMAL JACKSON,

                    Plaintiff,

v.

DAMCO DISTRIBUTION SERVICES, INC.
d/b/a HUDD TRANSPORTATION and
RAYONIER ADVANCED MATERIALS,
INC.,

                    Defendants.

CIVIL ACTION FILE NO.: 22-C-04829-S4 _____

**JURY TRIAL DEMANDED**

## **COMPLAINT**

COMES NOW JAMAL JACKSON, Plaintiff in the above-captioned matter, and states his

Complaint against Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD

TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC. as follows:

### **PARTIES AND JURISDICTION**

1.

Plaintiff JAMAL JACKSON resides at 109 Division Street, Savannah, Chatham County,

Georgia 31408, and is subject to the jurisdiction of this Court.

2.

Defendant DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION

is a foreign profit corporation existing under the laws of Delaware with its principal place of business

at 180 Park Avenue, Florham Park, NJ 07932, may be served through its registered agent CT

Corporation System at 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046, and is

subject to the jurisdiction of this Court.

- 1 -

3.

Defendant RAYONIER ADVANCED MATERIALS INC. is a foreign profit corporation existing under the laws of Delaware with its principal place of business at 1301 Riverplace Boulevard, Suite 2300, Jacksonville, Florida 32207, may be served through its registered agent James B. Durham, 3528 Darien Highway, Suite 300, Brunswick, Glynn County, Georgia 31525, and is subject to the jurisdiction of this Court.

4.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

5.

On or about November 3, 2020, Plaintiff was driving a tractor-trailer from Rayonier Advanced Materials, which was loaded as a "sealed load" by DAMCO Distribution Services, in Liberty County Georgia.

6.

On or about November 3, 2020, Plaintiff was in the left turn lane on State Route 196 at the intersection of State Route 25. As Plaintiff was negotiating a left turn onto State Route 25 from State Route 196, the tractor-trailer overturned onto the passenger side.

7.

On or about November 3, 2020, Plaintiff felt a jerk in the rear of the tractor-trailer as the load shifted causing the tractor-trailer to overturn.

8.

On this date, Plaintiff was operating his tractor-trailer on behalf of Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC.

9.

As a result of the negligently loaded trailer, Plaintiff suffered severe and permanent injuries.

10.

As a result of Defendants' DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC.'s negligence, Plaintiff has a claim for lost wages.

## COUNT 1

## NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 10 above as if fully restated.

12.

The direct and proximate cause of the wreck was the negligence and the negligence per se of Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC., including violating Federal Motor Carrier Safety Regulations 49 C.F.R. §392.9 (2002) provides for regular inspection of the cargo by the driver when operating a commercial motor vehicle. Drivers of trucks must assure themselves that the cargo is properly distributed and adequately secured and inspect the cargo and ensure that it is secured. However, the final paragraph §392.9(b)(4) states: The rules in this paragraph (b) **do not apply to the driver of a sealed commercial motor vehicle** who has been ordered not to open it to inspect its cargo or to the driver of a commercial motor vehicle that has been loaded in a manner that makes inspection of its cargo impracticable. 49 C.F.R. §392.9(b)(4) (2002).  The load Plaintiff was transporting was already sealed when he arrived to pick it up, therefore, he had no way to inspect it so this rule does not apply to him.

13.

Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC.'s negligence was the sole and proximate cause of the wreck and Plaintiff's resulting injuries.

## COUNT 2

### IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject wreck, Plaintiff was hauling a trailer that was loaded and sealed by Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC.

16.

Defendants DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC. are intrastate or interstate motor carriers, and pursuant to federal and state laws, are responsible for the actions of their employees regarding the way in which the trailer was loaded that resulted in the wreck described in this complaint under the doctrine of lease liability, agency, apparent agency, or respondent superior.

## COUNT 3

### NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

- 4 -

18.

Defendants   DAMCO   DISTRIBUTION   SERVICES,   INC.   d/b/a   HUDD
TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC. were negligent in hiring
employees responsible for loading the trailers.

19.

Defendants   DAMCO   DISTRIBUTION   SERVICES,   INC.   d/b/a   HUDD
TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC. were negligent in failing
to properly train the employees that loaded the trailer that Plaintiff was hauling.

20.

Defendants   DAMCO   DISTRIBUTION   SERVICES,   INC.   d/b/a   HUDD
TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC. were negligent in failing
to properly supervise the trailer being loaded.

21.

Defendants   DAMCO   DISTRIBUTION   SERVICES,   INC.   d/b/a   HUDD
TRANSPORTATION and RAYONIER ADVANCED MATERIALS, INC.'s negligence in hiring
employees and entrusting them with loading a commercial vehicle and failing to train and supervise
them properly as the improperly loaded trailer was the sole and proximate cause of the wreck and
Plaintiff's resulting injuries.

## COUNT 4

## DAMAGES

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through
21 above as if fully restated.

23.

As a result of Defendants' negligence, Plaintiff suffered injuries, including but not limited to traumatic hematoma and contusions on his neck, shoulder, and abdomen, pain in his chest, legs, and shoulder.

24.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

25.

As a result of Defendants' negligence, Plaintiff was unable to work and has a claim for past and future lost wages.

26.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

a.   That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.   That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.   That Plaintiff recover such other and further relief as is just and proper.

Signature on next page

- 6 -

This 25th day of August 2022.

        THE EICHHOLZ LAW FIRM, P.C.


        */s/* David S. Eichholz_____
        DAVID S. EICHHOLZ
        Georgia State Bar No. 502134
        *Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 Telephone
(912) 629-2560 Facsimile
david@thejusticelawyer.com

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-04829-S4

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed 8/25/2022

Georgia, Gwinnett _____ COUNTY

Jamal Jackson

Attorney's Address

319 Eisenhower Drive

Savannah, GA 31406

_____ Plaintiff

VS.

Damco Distribution Services Inc.

Name and Address of Party to Served

Rayonier Advanced Materials, Inc.

Damco Distribution Services, Inc.

Defendant

289 S Culver Street

Lawrenceville, GA 30046

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant Damco Distribution Services Inc a corporation
by leaving a copy of the within action and summons with Jane Richardson
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 8 day of Sept , 20 22

W. Coberly S01332

DEPUTY

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-04829-S4

9/21/2022 6:54 AM
TIANA P. GARNER, CLERK

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-04829-S4

Date Filed 8/25/2022

Attorney's Address

319 Eisenhower Drive

Savannah, GA 31406

Name and Address of Party to Served

Rayonier Advanced Materials, Inc.  c/o James B. Durham, Registered Agent

3528 Darien Highway, Suite 300

Brunswich, GA 31525

Superior Court ☐    Magistrate Court ☐
State Court ☒    Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnett                    COUNTY

Jamal Jackson

_____
                                    Plaintiff

VS.

Damco Distribution Services Inc.

Rayonier Advanced Materials, Inc.
                                    Defendant

_____

_____
                                    Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐  I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐  Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant  Rayonier Adv. Materials                         a corporation
☒  by leaving a copy of the within action and summons with  James B Durham
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
☐  designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

This  12  day of  Sept  , 20 22

DEPUTY

Dale Duncan
NOTARY PUBLIC
MY COMMISSION EXPIRES DECEMBER 9, 2025
GLYNN COUNTY, GEORGIA

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-04829-S4
10/6/2022 10:52 AM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**JAMAL JACKSON,**

     **Plaintiff,**

v.

**DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS INC.,**
     **Defendants.**

**CAFN:**

**22-C-0-4829-S4**

## DEFENDANT RAYONIER ADVANCED MATERIALS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, RAYONIER ADVANCED MATERIALS INC., named Defendant in Plaintiff's Complaint, and answers and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is barred from recovery as a result of his contributory negligence.

### THIRD DEFENSE

Plaintiff was negligent, and if Defendant was negligent, which Defendant denies, any award of damages should be reduced as a result of Plaintiff's comparative negligence.

### FOURTH DEFENSE

To the extent that Plaintiff's Complaint sets out a cognizable claim for relief against the answering Defendant, recovery is barred by the existence of intervening acts that were not reasonably foreseeable.

## FIFTH DEFENSE

To the extent that Plaintiff's Complaint sets out a cognizable claim for relief against the answering Defendant, any award of damages must be reduced or disallowed because Plaintiff's alleged injuries were directly and proximately caused and contributed to, in whole or in part, by parties other than the answering Defendant.

## SIXTH DEFENSE

To the extent as may be shown by evidence through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b) and none of those defense are waived.

## SEVENTH DEFENSE

Venue is improper as to the answering Defendant, and/or both Defendants.

## EIGHTH DEFENSE

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Upon information and belief, Defendant admits that Jamal Jackson resides in the State of Georgia. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiff's Complaint as they pertain to Plaintiff; therefore, said allegations are denied by operation of law.

2.

The allegations contained in paragraph 2 of Plaintiff's Complaint are admitted.

3.

The allegations contained in paragraph 3 of Plaintiff's Complaint are admitted.

4.

The allegations contained in paragraph 4 of Plaintiff's Complaint are denied.

## **BACKGROUND**

5.

The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6.

Defendant admits that Plaintiff was making a left turn. Defendant denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint. .

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied. In further response, Defendant states the cause of the tractor-trailer overturning was not the load shifting.

8.

Defendant admits that on November 3, 2020, Plaintiff was carrying unitized bales of wood pulp from Defendant's facility in Jesup, Georgia. Defendant further admits that Plaintiff was carrying the load at the request of Defendant Damco Distribution Services, Inc. d/b/a Hudd Transport ("Damco"). Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10.

The allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

## COUNT 1
## NEGLIGENCE

11.

Defendant incorporates its responses and defenses to Paragraphs 1 through 10 of Plaintiff's Complaint as if set forth fully herein.

12.

The allegations contained in paragraph 12 of Plaintiff's Complaint are denied, and to the extent paragraph 12 contains any legal conclusions, no response is required.

13.

The allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

## COUNT 2
## IMPUTED LIABILITY

14.

Defendant incorporates its responses and defenses to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth fully herein.

15.

The allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

16.

The allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.

Defendant incorporates its responses and defenses to Paragraphs 1 through 16 of Plaintiff's Complaint as if set forth fully herein.

18.

The allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in paragraph 19 of Plaintiff's Complaint are denied.

20.

The allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

21.

The allegations contained in paragraph 21 of Plaintiff's Complaint are denied.

**COUNT 4**
**DAMAGES**

22.

Defendant incorporates its responses and defenses to Paragraphs 1 through 21 of Plaintiff's Complaint as if set forth fully herein.

23.

The allegations contained in paragraph 23 of Plaintiff's Complaint are denied.

24.

The allegations contained in paragraph 24 of Plaintiff's Complaint are denied.

25.

The allegations contained in paragraph 25 of Plaintiff's Complaint are denied.

26.

The allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

**TENTH DEFENSE**

Defendant deny all allegations contained in subparagraphs (a) through (c) contained in Plaintiff's WHEREFORE clause.

## ELEVENTH DEFENSE

Defendant denies all other allegations contained in Plaintiff's Complaint which have been neither admitted nor denied above.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant prays:

(a)     That the same be dismissed with prejudice;

(b)     That judgment be entered in favor of Defendant and against Plaintiff;

(c)     That Defendant be granted a trial by jury of 12 persons as to all proper issues in the case;

(d)     That all costs be borne by Plaintiff; and

(e)     For such and further relief as this Honorable Court may deem just and proper.

Respectfully submitted, this 6th day of October, 2022.

**HALL BOOTH SMITH, P.C.**

3528 Darien Highway, Suite 300
Brunswick, GA 31525
T: (912) 554-0093
F: (912) 554-1973
Email: jdurham@hallboothsmith.com
Email: mbalcer@hallboothsmith.com

*/s/ James B. Durham*_____
JAMES B. DURHAM
Georgia Bar No. 235526
MATTHEW B. BALCER
Georgia Bar No. 736877
*Counsel for Rayonier Advanced Materials Inc.*

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JAMAL JACKSON,** | |
| **Plaintiff,** | **CAFN:** |
| **v.** | **22-C-0-4829-S4** |
| **DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION and RAYONIER ADVANCED MATERIALS INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT RAYONIER ADVANCED MATERIALS INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** via e-mail and by using the Court's electronic filing system which will send a notification to the following:

| | |
|---|---|
| David S. Eicholz, Esq. | Dennis B. Keene |
| THE EICHOLZ LAW FIRM, P.C. | BOUHAN FALLIGANT LLP |
| 319 Eisenhower Drive | One West Park Avenue |
| Savannah, Georgia 31406 | Savannah, GA 31401 |
| david@thejusticelawyer.com | dkeene@bouhan.com |
| *Attorney for Plaintiff* | |

This 6th day of October, 2022.

HALL BOOTH SMITH, P.C.

3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
Phone: (912) 554-0093
Fax:    (912) 554-1973
jdurham@hallboothsmith.com

*/s/ James B. Durham*
JAMES B. DURHAM
Georgia Bar No. 235526
*Attorney for Rayonier Advanced Materials Inc.*

E-FILED IN OFFICE - GH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04829-S4**
**10/6/2022 12:22 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JAMAL JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAMCO DISTRIBUTION SERVICES, | ) |
| INC. d/b/a HUDD TRANSPORTATION | ) |
| and RAYONIER ADVANCED | ) |
| MATERIALS, INC. | ) |
| | ) |
| Defendants. | ) |

Civil Action No.: 22-C-04829-S4

### ANSWER OF DEFENDANT DAMCO DISTRIBUTION SERVICES, INC, D/B/A
### HUDD TRANSPORTATION TO PLAINTIFF'S COMPLAINT

COMES NOW DAMCO DISTRIBUTION SERVICES, INC. d/b/a HUDD TRANSPORTATION ("DAMCO") and, by and through its counsel, responds to the allegations of Plaintiff's Complaint in order to assert such defenses as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any recovery by Plaintiff is barred or must be reduced due to Plaintiff's own contributory or comparative negligence.

### THIRD DEFENSE

Plaintiff failed to mitigate any alleged damages by the use of ordinary care and diligence for which Defendant is not responsible.

### FOURTH DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole

or in part by the acts or omissions of individuals or entities for whose conduct Defendant is not responsible.

## FIFTH DEFENSE

Defendant is entitled to a set-off of all sums of money received by judgments, settlements or otherwise by Plaintiff from anyone for the damages allegedly sustained as a result of the incident described in Plaintiff's Complaint.

## SIXTH DEFENSE

Venue is improper as to this Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred under applicable workers' compensation laws.

## EIGHTH DEFENSE

Plaintiff's claims are barred or limited to the extent the contractual arrangement between Plaintiff and DAMCO creates such bar or limitation.

## NINTH DEFENSE

Defendant explicitly reserves its right to assert such affirmative defenses as may become known in the course of discovery and to amend this answer to assert any and all such defenses.

## TENTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

1.     In responses to paragraph 1 of the Complaint, DAMCO is without information sufficient to admit or deny the allegations and, therefore, denies the same.

2.     DAMCO admits the allegations contained in paragraph 2 of the Complaint.

3.     In response to paragraph 3 of the Complaint, DAMCO is without information sufficient to admit or deny the allegations and, therefore, denies the same.

4.      In response to paragraph 4 of the Complaint, DAMCO admits this Court has subject matter jurisdiction over the claim but denies the remaining allegations therein.

## BACKGROUND

5.      In response to paragraph 5 of the Complaint, DAMCO admits, upon information and belief, that on or about November 3, 2020, Plaintiff was driving a semi-tractor and hauling an intermodal container in Liberty County, Georgia. DAMCO denies the remaining allegations contained in paragraph 5.

6.      In response to paragraph 6 of the Complaint, DAMCO is without information sufficient to admit or deny the allegations and, therefore, denies the same.

7.      In response to paragraph 7 of the Complaint, DAMCO is without information sufficient to admit or deny the allegations and, therefore, denies the same.

8.      In response to paragraph 8 of the Complaint, DAMCO admits Plaintiff was driving his vehicle under the operating authority of DAMCO on November 3, 2020.

9.      DAMCO denies the allegations contained in paragraph 9 of the Complaint.

10.     DAMCO denies the allegations contained in paragraph 10 of the Complaint.

## COUNT 1
## NEGLIGENCE

11.     In response to paragraph 11 of the Complaint, DAMCO realleges and incorporates its responses to paragraphs 1 through 10 above as if fully restated herein.

12.     DAMCO denies the allegations contained in paragraph 12 of the Complaint.

13.     DAMCO denies the allegations contained in paragraph 13 of the Complaint.

3

## COUNT 2
## IMPUTED LIABILITY

14.     In response to paragraph 14 of the Complaint, DAMCO realleges and incorporates its responses to paragraphs 1 through 13 above as if fully restated herein.

15.     In response to paragraph 15 of the Complaint, DAMCO admits, upon information and belief, that on or about November 3, 2020, Plaintiff was driving a semi-tractor and hauling an intermodal container. DAMCO denies the remaining allegations contained in paragraph 15.

16.     In response to paragraph 16 of the Complaint, DAMCO admits it has interstate motor carrier operating authority. DAMCO denies the remaining allegations contained in paragraph 16.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

17.     In response to paragraph 17 of the Complaint, DAMCO realleges and incorporates its responses to paragraphs 1 through 16 above as if fully restated herein.

18.     DAMCO denies the allegations contained in paragraph 18 of the Complaint.

19.     DAMCO denies the allegations contained in paragraph 19 of the Complaint.

20.     DAMCO denied the allegations contained in paragraph 20 of the Complaint.

21.     DAMCO denied the allegations contained in paragraph 21 of the Complaint.

## COUNT 4
## DAMAGES

22.     In response to paragraph 22 of the Complaint, DAMCO realleges and incorporates its responses to paragraphs 1 through 21 above as if fully restated herein.

23.     DAMCO denies the allegations contained in paragraph 23 of the Complaint.

24.     DAMCO denies the allegations contained in paragraph 24 of the Complaint.

25.     DAMCO denies the allegations contained in paragraph 25 of the Complaint.

4

26.     DAMCO denies the allegations contained in paragraph 26 of the Complaint.

27.     To the extent Plaintiff's Prayer for Relief requires a response, it, and all its subparts, are denied.

28.     To the extent any allegation is not expressly admitted, the same is deemed denied.

WHEREFORE, Defendant prays for judgment as follows:

a.      That judgment be entered in favor of Defendant DAMCO;

b.      That Plaintiff have and recover nothing from Defendant DAMCO;

c.      That Plaintiff's Complaint against Defendant DAMCO be dismissed with prejudice;

d.      That all costs of defending this action be taxed against Plaintiff; and

e.      For such other relief as this Court may deem just, equitable, and proper.

Respectfully submitted this  6th day of October 2022.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene, Esq.*

_____
Dennis B. Keene
Georgia Bar No. 410801
John D. Harvey
Georgia Bar No. 335502
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendant Damco Distribution Services, Inc.*

Post Office Box 2139
Savannah, GA  31402-2139
Telephone: 912-232-7000
Email: dkeene@bouhan.com
        jdharvey@bouhan.com
        gmcginty@bouhan.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused to have served a copy of the foregoing **ANSWER OF DAMCO DISTRIBUTION SERVICES, INC.** upon the following counsel by United States Mail, with proper postage prepaid and affixed, and addressed to:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406

James B. Durham
Matthew Balcer
Hall Booth Smith, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA 31525

This 6th day of October, 2022.

BOUHAN FALLIGANT LLP

*/s/Dennis B. Keene, Esq.*

_____
Dennis B. Keene
Georgia Bar No. 410801
John D. Harvey
Georgia Bar No. 335502
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendant Damco Distribution Services, Inc.*

Post Office Box 2139
Savannah, GA  31402-2139
Telephone: 912-232-7000
Email: dkeene@bouhan.com
          jdharvey@bouhan.com
          gmcginty@bouhan.com